UNITED STATES DISTRICT COURT
FILED
MAY 16 2022
MARY C. LOEWENGUTH, CLERK
WESTERN DISTRICT OF NY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

22-CR-6053 CJS

DYSHIKA MCFADDEN,

Defendant.

## PLEA AGREEMENT

The defendant, **DYSHIKA MCFADDEN**, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I.    THE PLEA AND POSSIBLE SENTENCE

1.    The defendant agrees to waive indictment and to plead guilty to a one-count Information which charges a violation of Title 18, United States Code, Section 231(a)(3) (civil disorder), for which the maximum possible sentence is a term of imprisonment of 5 years, a fine of $250,000, a mandatory $100 special assessment and a term of supervised release of 3 years. The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2.    The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 2 years, without credit for time previously served on supervised release. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of

supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in ¶ 1 of this agreement.

## II.     ELEMENTS AND FACTUAL BASIS

3.      The defendant understands the nature of the offense set forth in ¶ 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

First, that a civil disorder existed at the time alleged in the Information;

Second, that such civil disorder obstructed, delayed, or adversely affected commerce or the movement of any article or commodity in commerce in any way or degree;

Third, that the defendant committed an act or attempted to commit an act to obstruct, impede, or interfere with any law enforcement officer lawfully engaged in the lawful performance of his or her official duties incident to and during the commission of the civil disorder; and

Fourth, that such act or attempt to act was done willfully and knowingly.

"The term 'civil disorder' means any public disturbance involving acts of violence by assemblages of three or more persons, which causes an immediate danger of or results in damage or injury to the property or person of any other individual." 18 U.S.C. § 232(1).

"The term 'law enforcement officer' means any officer or employee of . . . any State [or] any political subdivision of a State . . . while engaged in the enforcement or prosecution of any of the criminal laws of . . . a State [or] any political subdivision of a State." 18 U.S.C. § 232(7). "The term 'commerce' means commerce (A) between any state . . . and any place outside thereof . . ." 18 U.S.C. § 232(2)(A).

## FACTUAL BASIS

4.      The defendant and the government agree to the following facts, which form the

basis for the entry of the plea of guilty including relevant conduct:

a.      On or about May 30, 2020, in the City of Rochester, in the Western District of New York, the defendant, **DYSHIKA MCFADDEN**, committed, and attempted to commit, an act to obstruct, impede, and interfere with law enforcement officers lawfully engaged in the lawful performance of their official duties incident to and during the commission of a civil disorder, and the civil disorder obstructed, delayed, and adversely affected commerce and the movement of any article or commodity in commerce, in violation of 18 U.S.C. § 231(a)(3).

b.      On May 30, 2020, protests were scheduled at the Public Safety Building (PSB), 185 Exchange Boulevard, City of Rochester, Western District of New York, in response to the death of George Floyd in Minneapolis, Minnesota. Officers employed by the Rochester Police Department (RPD) were assigned to assist with crowd control during the protests. Marked patrol vehicles, including patrol vehicle with plate number 463, VIN 2G1WD5E38C1317282 (hereinafter "RPD CAR 463"), were parked in the front loop of the PSB. RPD CAR 463 was readily identifiable as a law enforcement vehicle by markings on all sides of the vehicle and a light bar on top. Hundreds of protesters gathered near the PSB.

c.      During the evening, the protests turned violent, resulting in damaged property, looting and fires. Several protesters damaged vehicles at and across the street from the PSB by breaking windows and lighting them on fire. A nearby commercial building, 144 Exchange Boulevard, Rochester, New York, was broken into and vending machines were ransacked. Throughout the city, businesses, including liquor stores and pharmacies, were vandalized and looted. The defendant admits and agrees that the actions of the group on May 30, 2020, constituted a civil disorder within the meaning of 18 U.S.C. § 232(1), and that such civil disorder obstructed, delayed, and adversely affected commerce within the meaning of 18 U.S.C. § 232(2).

d.      On May 30, 2020, at approximately 5:05 p.m., the defendant was present with the group of protesters at the PSB. At that time, the defendant and others used an aerosol can and an open flame to set fire to a marked RPD CAR 463 while it was parked in front of the PSB. RPD CAR 463 was the property of the Rochester Police Department and the City of Rochester. RPD CAR 463 was completely destroyed by fire. The defendant admits that the fire was an incendiary, intentionally

set fire, set by his own hands with assistance of others, to obstruct, impede, or interfere with any law enforcement officers assigned to assist with crowd control during the protests.

## III.    SENTENCING GUIDELINES

5.      The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

6.      Pursuant to Guidelines § 1B1.2(a), the government and the defendant agree that the defendant's sentencing range for imprisonment and a fine shall be determined as if the defendant was convicted of a violation of 18 U.S.C. § 844(i) (arson).

## BASE OFFENSE LEVEL

7.      The government and the defendant agree that Guidelines § 2K1.4(a)(2)(A) applies to violations of 18 U.S.C. § 844(i) and provides for a base offense level of 20.

## ACCEPTANCE OF RESPONSIBILITY

8.      At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level decrease of Guidelines § 3E1.1(a) (acceptance of responsibility), and further agrees to move the Court to apply the additional one (1) level decrease of Guidelines § 3E1.1(b), which would result in a total offense level of 17.

## CRIMINAL HISTORY CATEGORY

9.      It is the understanding of the government and the defendant that the defendant's criminal history category is III. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the

defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

10.     It is the understanding of the government and the defendant that, with a total offense level of 17 and criminal history category of III, the defendant's sentencing range would be a term of imprisonment of **30 to 37 months, a fine of $10,000 to $95,000, and a period of supervised release of 1 to 3 years**. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the maximum penalties set forth in ¶ 1 of this agreement.

11.     The government and the defendant agree to the Sentencing Guidelines calculations set forth in this agreement and neither party will advocate or recommend the application of any other Guideline, or move for any Guidelines departure, or move for or recommend a sentence outside the Guidelines, except as specifically set forth in this agreement. A breach of this paragraph by one party will relieve the other party of any agreements made in this plea agreement with respect to sentencing motions and recommendations. A breach of this paragraph by the defendant shall also relieve the government from any agreements to dismiss or not pursue additional charges.

12.     The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

13.     In the event that the Court contemplates any Guidelines adjustments, departures, or calculations different from those agreed to by the parties above, the parties reserve the right to answer any inquiries by the Court concerning the same.

## IV.   STATUTE OF LIMITATIONS

14.   In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any federal criminal offense which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## V.   REMOVAL

15.   The defendant represents that he is a citizen of the United States. However, if the defendant is not a citizen of the United States, the defendant understands that, if convicted, the defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## VI.   GOVERNMENT RIGHTS AND OBLIGATIONS

16.   The defendant understands that the government has reserved the right to:

a.   provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

b.   respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

c.   advocate for a specific sentence consistent with the terms of this agreement, including the amount of a fine and the method of payment; and

    d.      modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor.

17.    At sentencing, the government will move to dismiss the Criminal Complaint pending against the defendant under Magistrate's No. 20-MJ-0676.

18.    The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VII.    RESTITUTION AND FINANCIAL PENALTY PROVISIONS

19.    The defendant understands, and the parties agree, that the Court must require restitution to be paid to the City of Rochester in the amount of $4,287 as part of the sentence pursuant to Sentencing Guidelines § 5E1.1 and Title 18, United States Code, Section 3663A. The defendant understands that defendant will not be entitled to withdraw the plea of guilty based upon any restitution amount ordered by the Court.

20.    The defendant agrees to disclose fully and completely all assets in which the defendant either has any property interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party. The defendant agrees to make complete financial disclosure to the United States by truthfully executing a sworn financial statement by the deadline set by the United States, or if no deadline is set, no later than two weeks prior to the date of sentencing. The defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms for the United States to obtain tax

information, bank account records, credit history, and social security information. The defendant agrees to discuss or answer any questions by the United States relating to the defendant's complete financial disclosure. The defendant will submit to an examination under oath and/or a polygraph examination conducted by an examiner selected by the U.S. Attorney's Office on the issue of the defendant's financial disclosures and assets, if deemed necessary by the U.S. Attorney's Office. The defendant certifies that the defendant has made no transfer of assets in contemplation of this prosecution for the purpose of evading or defeating financial obligations that are created by the agreement and/or that may be imposed upon the defendant by the Court. In addition, the defendant promises that the defendant will make no such transfers in the future.

21.     The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

22.     The defendant understands and agrees that the Court, at the time of sentencing, will order that all monetary penalties imposed at that time (including any fine, restitution, or special assessment imposed in accordance with the terms and conditions of this plea agreement) are to be due and payable in full immediately and will be (i) subject to immediate enforcement as provide for in Title 18, United States Code, Section 3613, and (ii) submitted to the Treasury Offset Program ("TOP") so that any federal payment or transfer of returned property the defendant receives may be offset and applied to federal debts but will not affect any periodic payment schedule set by the Court.

23.     The defendant understands and acknowledges that any schedule of payments imposed by the Court at the time of sentencing is merely a minimum schedule of payments

8

and does not, in any way, limit those methods available to the United States to enforce the judgment.

24.     The defendant agrees that any funds and assets in which the defendant has an interest, which have been seized or restrained by the government or law enforcement as part of the investigation underlying this plea agreement, and not subject to forfeiture, will be used to offset any judgment of restitution and fine imposed pursuant to this plea agreement, or to satisfy any debts owed by the defendant to the United States and/or agencies thereof.

25.     To the extent that the defendant has an interest, the defendant authorizes the District Court Clerk to release any funds posted as security for the defendant's appearance bond in this case, which funds shall be applied to satisfy the financial obligation(s) of the defendant pursuant to the judgment of the Court.

26.     The defendant is aware that voluntary payment of restitution prior to adjudication of guilt is a factor in considering whether the defendant has accepted responsibility under the United States Sentencing Guidelines § 3E1.1.

## VIII.  APPEAL RIGHTS

27.     The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 10 above, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

28.     The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

29.     The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 10 above, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## IX.  TOTAL AGREEMENT AND AFFIRMATIONS

30.     This plea agreement represents the total agreement between the defendant, **DYSHIKA MCFADDEN**, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

TRINI E. ROSS
United States Attorney
Western District of New York

BY: _____
CASSIE M. KOCHER
Assistant United States Attorney

Dated: May 16, 2022

I have read this agreement, which consists of pages 1 through 11. I have had a full opportunity to discuss this agreement with my attorney, Safa Robinson-Ferrer, Esq. I agree that it represents the total agreement reached between me and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.


_____         _____
DYSHIKA MCFADDEN                     SAFA ROBINSON-FERRER, ESQ.
Defendant                            Attorney for the Defendant

Dated: May 16, 2022                  Dated: May 16, 2022